**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | |
|---|---|
| **SMALL AXE ENTERPRISES, INC.,**<br><br>           **Plaintiff,**<br>     **v.**<br><br>**HELEN OF TROY LIMITED,**<br><br>           **Defendants.** | **Civil Action No.  3:20-cv-00042**<br><br><br>**JURY TRIAL DEMAND** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Small Axe Enterprises, Inc., a corporation established and existing under the laws of the State of California ("Plaintiff" or "Small Axe"), files this Complaint for Patent Infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 100, *et seq.*, seeks damages, and injunctive relief, and alleges:

**THE PARTIES**

1.     Small Axe is a California corporation with its office located at 860 Mola Vista Way, Solana Beach, California 92075.

2.     On information and belief, Defendant, Helen of Troy Limited, is a business entity organized under the laws of Bermuda with its principal executive office at Clarendon House, 2 Church Street, Hamilton, Bermuda ("Defendant" or "H.O.T."). On information and belief, H.O.T. also maintains an office in this District at 1 Helen of Troy Plaza, El Paso, Texas 79912.

**JURISDICTION AND VENUE**

3.     This action arises under the Patent Laws of the United States, Title 35 of the United States Code, 35 U.S.C. § 101 *et seq.* This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331, 1332, and 1338(a).

4. The Court has personal jurisdiction over H.O.T. in that H.O.T. has committed and continues to commit acts of patent infringement in this District and/or has contributed to or induced acts of patent infringement by others in this District; regularly does business or solicits business in this District; employs citizens of Texas in this District; enters into contracts with citizens and/or residents of El Paso in this District; derives substantial revenue from its activities in this District; and has purposefully established substantial, systematic, and continuous contacts with this District such that it should reasonably expect to be haled into court in this District. Indeed, on information and belief, H.O.T. maintains an office in this District at 1 Helen of Troy Plaza, El Paso, Texas 79912.

5. Venue is proper in this District under 28 U.S.C. § 1400(b) and 28 U.S.C. § 1391(c)(3). H.O.T. has committed acts of infringement in the District and/or has contributed to or induced acts of patent infringement by others in this District and has a regular and established place of business within the District. For example, Plaintiff is informed and believes that H.O.T. has offices at 1 Helen of Troy Plaza, El Paso, Texas 79912.

## NATURE OF THE ACTION

6. <u>The Patent</u>. Small Axe is the assignee of and owns all right, title, and interest in and to U.S. Patent No. 6,578,809 B1 (the "'809 Patent"). The '809 Patent is presumed valid, and is subsisting. A true and correct copy of the '809 Patent is attached as Exhibit A and incorporated by reference.

7. The '809 Patent discloses and claims devices and articles of manufacture, namely "cup" shaped devices and/or articles of manufacture that are deformable to fit around the bases of various vessels used to contain liquids (*e.g.* cups, cans, and/or bottles). One such embodiment of the inventions claimed is depicted in Figure 5A and Figure 8 of the '809 Patent:



FIG. 5A

FIG. 8

8. Small Axe actively engages in the business of providing consumers products that practice one or more claims of the '809 Patent. Small Axe has licensed the '809 Patent to other companies that make, use, sell, and/or offer to sell products that practice one or more claims of the '809 Patent.

9. The Accused Products. H.O.T. makes, uses, sells, and offers to sell reusable, stainless-steel water bottles under the brand name Hydro Flask. H.O.T. makes, uses, sells, offers to sell, and/or imports "Flex Boots," either together with or as accessories for Hydro Flask water bottles, in various sizes. The figures below depict H.O.T.'s Hydro Flask Flex Boots:





10. On information and belief, Hydro Flask Small Flex Boots fit Hydro Flask 12-24 ounce wide and standard mouth Hydro Flask bottles. On information and belief, Hydro Flask Medium Flex Boots fit 32 and 40 ounce wide mouth Hydro Flask bottles. This complaint will refer to Hydro Flask Small Flex Boots and Hydro Flask Medium Flex Boots collectively as the "Accused Products." On information and belief, H.O.T. makes, uses, sells, offers to sell, and/or imports the Accused Products either separate from Hydro Flask water bottles as accessories or together with Hydro Flask water bottles.

11. The Accused Products infringe one or more claims of the '809 Patent. For example, Claim 8 of the '809 Patent reads:

> 8. An article of manufacture, comprising, in combination:
> a low profile cup shaped coaster means for deformably conforming to the contours of a vessel, made up of a single strip;
> the means stretches from a first unconformed position to a second conformed position when placed on the bottom of the vessel;
> whereby said means further comprises inner and outer surfaces defining a substantially flat bottom portion connected to side walls extending therefrom; and,
> whereby the vessel is maintained in substantially orthogonal relationship to a planar surface upon which it rests, when said article is in the second conformed position on the bottom of said vessel.

The Accused Products are articles of manufacture comprising a low profile cup-shaped coaster means that conform to the outer contours of Hydro Flask bottles. The Accused Products are flexible and deformable such that they conform to Hydro Flask bottles. The Accused Products are removable from Hydro Flask bottles. The Accused Products are made from a single piece of flexible material. The Accused Products all stretch from a resting position to a second position so that they can be placed on and conform to Hydro Flask water bottles. The Accused Products all have inner surfaces that contact the exterior portion of Hydro Flask bottles, outer surfaces on the exterior of the Accused Products, and substantially flat bottom portions connected to the substantially vertical side walls of the Accused Products. Hydro Flask water bottles are maintained in a substantially orthogonal relationship to a planar surface on which they rest when the Accused Products are installed on the bottom of Hydro Flask water bottles—in other words, Hydro Flask water bottles stand upright with Accused Products installed.

12. On May 31, 2019, Small Axe wrote H.O.T. a letter advising that H.O.T. was infringing the '809 Patent. Small Axe sought to engage in discussions with H.O.T. concerning its need for a license. H.O.T. chose not to engage in any discussions concerning its need for a license, leaving Small Axe no choice but to file this lawsuit to preserve its rights.

## FIRST CLAIM FOR RELIEF
### (Infringement of U.S. Patent No. 6,578,809 B1)

13. Plaintiff incorporates paragraphs 1-12 of this Complaint by reference.

14. The USPTO issued the '809 Patent to Vincent DiMella on June 17, 2003. In or about January 2009, Small Axe obtained all right, title, and interest in and to the '809 Patent by assignment. Since then, Small Axe has owned and still owns the '809 Patent during the period of H.O.T.'s infringement.

15. H.O.T. has infringed and is still infringing (either directly or indirectly and either literally or by equivalents) the '809 Patent by making, using, selling, offering for sale and/or importing Accused Products that practice one or more claims of the '809 Patent and will continue to do so unless enjoined by this Court.

16. H.O.T. has infringed and continues to infringe, either directly or indirectly and either literally or by equivalents, at least one claim of the '809 Patent in the United States and, in particular, in this District. For example, and without limitation, H.O.T. has infringed and continues to infringe at least Claim 8 of the '809 Patent, as explained in greater detail above. On information and belief, H.O.T. indirectly infringes the '809 Patent either through inducement of infringement or through contributory infringement.

17. Small Axe is entitled to recover from H.O.T. damages adequate to compensate Small Axe for H.O.T.'s infringement of the '809 Patent, but in no event less than a reasonable royalty for the use H.O.T. made of claim(s) in the '809 Patent, together with interest and costs as fixed by the Court.

18. On information and belief, H.O.T. has had notice of its infringement of the '809 Patent from at least on or about May 31, 2019, the time of Small Axe's letter advising H.O.T. that it required a license to continue making, using, selling, offering for sale and/or importing the Accused Products. Accordingly, H.O.T.'s infringement since at least that time has been willful and deliberate, entitling Small Axe to enhanced damages pursuant to 35 U.S.C. § 284 and to attorneys' fees and costs pursuant to 35 U.S.C. § 285.

19. H.O.T.'s infringement of the '809 Patent is causing and will continue to cause irreparable harm to Small Axe for which there is no adequate remedy at law such that Small Axe is entitled to have this Court enjoin H.O.T.'s infringement of the '809 Patent.

## PRAYER FOR RELIEF

Wherefore, Plaintiff Small Axe respectfully requests that this Court enter judgment in its favor against Defendant and grant the following relief:

A. An adjudication that H.O.T. has infringed and continues to infringe one or more claims of the '809 Patent, directly and/or indirectly and literally and/or through equivalents;

B. An award of damages to Small Axe adequate to compensate it for H.O.T.'s past infringement, together with pre-judgment and post-judgment interest, as well as damages adequate to compensate Small Axe for any continuing or future infringement, including costs, expenses, and an accounting for all infringing acts;

C. A finding that H.O.T.'s infringement has been, and continues to be, willful and an award of enhanced damages, up to and including treble damages pursuant to 35 U.S.C. § 284;

D. A preliminary and/or permanent injunction pursuant to 35 U.S.C. § 283, enjoining H.O.T., including its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation with H.O.T., from making, using, selling, offering to sell in the United States, or importing into the United States, any devices or articles of manufacture that infringe the '809 Patent, directly or indirectly and literally or through equivalents;

E.      A finding that this case is exceptional and an award to Small Axe of its reasonable attorneys' fees and costs pursuant to 35 U.S.C. § 285;

F.      An order and judgment requiring H.O.T. to pay Small Axe for Small Axe's damages, costs, expenses, fees, pre-judgment, and post-judgment interest for H.O.T.'s infringement of any of the '809 Patent claims pursuant to 35 U.S.C. §§ 284 and/or 285; and

G.      Any and all further relief this Court deems just and proper.

## JURY DEMAND

Small Axe respectfully demands a trial by jury on all issues so triable.

Dated: February 7, 2020

Respectfully submitted,

**KYLE HARRIS LLP**

By:    */s/* John S. Kyle
John S. Kyle
Lead Attorney
California State Bar No. 199196
jkyle@klhipbiz.com
450 B Street, Suite 1410
San Diego, CA. 92101
Telephone: (619) 600-0644

**ATTORNEYS FOR SMALL AXE ENTERPRISES, INC.**